CHOCTAW, O. & G. R. CO. v SITTEL *et al.*

No. 488, Ind. T.   Opinion filed July 23, 1908.

(97 Pac. 362.)

COURTS—Statehood—Transfer of Causes to U. S. Courts.   The Okla-
homa enabling act (Act June 16, 1906, c. 3335, sec. 16, 34 Stat.
276), as amended (Act March 4, 1907, c. 2911, sec. 1, 34 Stat.
1286), provides that "all cases pending in the United States
Court of Appeals in the Indian Territory arising under the Con-
stitution, laws, or treaties of the United States, * * * and
in cases of diversity of citizenship where there shall be more
than two thousand dollars in controversy, exclusive of interest
and costs, shall be transferred to the proper United States Cir-
cuit or District Court for proper disposition:   Provided, that
such transfer shall not be made in any case where the United
States is not a party except on application of one of the parties
in the court in which the case is pending, at or before the sec-
ond term of such court, after the admission of said state."
Where such case is transferred to the Supreme Court of this
state by operation of such provision, and is regularly assigned
for hearing at the first term of said court, the attorney of record
for the plaintiff in error having had notice thereof, and said
cause having been regularly reached for trial on the calendar,
and no one appearing for said plaintiff in error, but the attorney
of record appearing for the defendant in error, and said cause
being then and there, in accordance with the custom and rule of
said court, regularly submitted for final decision or determination,
said plaintiff in error waives its right to thereafter move for
said cause to be transferred to the proper United States Circuit
or District Court, this constituting an election to proceed in
the state courts, and precludes the plaintiff in error from there-
after having said cause transferred to the federal court for re-
view.   Kane, J., dissenting.

(Syllabus by the Court.)

*Error from the United States Court for the Central District of
Indian Territory, Sitting at McAlester;
Wm. H. H. Clayton, Judge.*

Action by Edwin D. Sittel and others against the Choctaw,
Oklahoma & Gulf Railroad Company.   Judgment for plaintiffs,

and defendant brings error.    On petition for removal to the federal court.    Denied.

This cause came to this court from the United States Court of Appeals for Indian Territory by virtue of the terms of the enabling act, being one of the cases pending on the docket of said court not finally disposed of at the time of the admission of the state into the Union.    The petition or complaint of the defendants in error, plaintiffs in the court below, alleges that the plaintiff in error, defendant in the court below, is a corporation existing under and by virtue of an act of the Congress of the United States.    It is further alleged in said petition or complaint that Edwin D. Sittel, one of the plaintiffs therein, is a white man, and has resided in the Choctaw Nation for the past 25 years, and that his coplaintiff, Fritz Sittel, his son, is a member of the Choctaw Tribe of Indians by marriage, and has resided therein for the past 23 years.    On the 9th day of January, A. D. 1908, under the directions of this court, the docket was set and assignment of cases made for the first term thereof, this case being set for hearing on the 20th day of January, A. D. 1908, and proper notice of such setting was given to the attorneys of record for both plaintiff and defendants in error.    On the 20th day of January, A. D. 1908, this case in due course was reached on the calendar for trial, no attorney for the plaintiff in error appearing at said hearing; but the attorney of record, S. A. Wilkinson, appeared for the defendants in error, and said cause was duly submitted for a final determination and judgment of this court.

Thereafter on the 24th day of January, A. D. 1908, plaintiff in error filed its petition for removal, alleging that by virtue of the terms of the enabling act, approved June 16, A. D. 1906, as amended on the 4th day of March, A. D. 1907, said cause should be removed to the United States Circuit Court for the Eastern District of the state of Oklahoma for final determination, averring that at the time of the institution of said suit in the lower court the defendant therein, the plaintiff in error in this

court, was, and ever since has been, and still is, a corporation or- ganized under and by virtue of a certain act of the Congress of the United States, to wit, an act entitled "An Act to authorize purchasers of the property and franchises of the Choctaw Coal & Railway Company to organize a corporation and to confer upon the same all the powers, privileges and franchises vested in that company," approved August 24, A. D. 1894 (Act Aug. 24, 1894, c. 330, 28 Stat. 502); that its principal place of business is, and at all times therein mentioned has been, in the city of Phila- delphia; and that it has at no time been a resident of the Indian Territory or the state of Oklahoma. Petitioner further avers: That this is a civil cause, pending at the time of the organiza- tion of the State of Oklahoma as aforesaid in the United States Court of Appeals in the Indian Territory, and arising under the Constitution, laws, or treaties of the United States, within the meaning of the second section of the act of Congress of the United States of March 3, A. D. 1875 (18 Stat. 470, c. 137 [U. S. Comp. St, 1901, p. 509]), as amended March 3, 1887, (24 Stat. 554, c. 373), and August 13, 1888 (25 Stat. 434, c. 866 [U. S. Comp. St. 1901, p. 582]), and section 16 of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 276), as amended (Act March 4, 1907, c. 2911, § 1, 34 Stat. 1286). At the same time plaintiff in error tendered a good and sufficient bond, as provided by the statute in such cases. That thereafter, on the 29th day of Jan- uary, A. D. 1908, the plaintiff in error filed an amendment to said petition, wherein it is averred that this is a controversy be- tween citizens of different states, and that more than $2,000, ex- clusive of interest and costs, is involved therein. All of the foregoing facts appear as a matter of record. On the same date, to wit, the 24th day of January, A. D. 1908, the plaintiff in error, through its attorney, Thos. R. Beman, made application in open court to have the name of C. O. Blake substituted for the name of C. B. Stuart as attorney of record in said cause, which was granted.

Thereafter, on the 2d day of March, A. D. 1908, said Thos.

R. Beman filed his affidavit in said cause, deposing that C. O. Blake, Esq., of El Reno, Okla., was the attorney at that time of the above-named Choctaw, Oklahoma & Gulf Railroad Company, and that he was assistant attorney for said company, and that as such assistant attorney he was given charge of this case, and filed in this court on the 24th day of January, A. D. 1908, and prior to the opening of its session, a petition and bond for the removal of said cause to the United States Circuit Court for the Eastern District of the state of Oklahoma, and that thereafter, in open court, during the argument of the motion for removal of another cause, he first learned that this cause had theretofore, on the 20th day of January, A. D. 1908, been submitted upon argument made by counsel for the appellee for final determination, and that actual notice of such assignment had been given to counsel or attorney of record for plaintiff in error in said cause, to wit, C. B. Stuart, Esq., of McAlester, Ind. T., now the state of Oklahoma. Whereupon he moved said court in behalf of the plaintiff in error that the said C. O. Blake be substituted as attorney of record in said cause, in lieu of said C. B. Stuart, as well as in all other cases pending in said court wherein the said C. B. Stuart appeared as attorney of record for said plaintiff in error. It is admitted that the said C. B. Stuart, as attorney of record, was duly notified of the assigning and setting of said cause for hearing, but that neither the said C. O. Blake nor Thos. R. Beman had any actual notice thereof. It is further admitted that under the rules of this court when a cause is briefed on the part of the plaintiff in error—and in this case it had been so briefed— and the same being reached regularly on the docket for hearing, though the plaintiff in error failed to make appearance in person or by counsel, the same should be submitted for final decision and judgment of this court.

*Blake, Blake & Low* and *Thos. R. Beman*, for plaintiff in error.

*S. A. Wilkinson*, for defendants in error.

WILLIAMS, C. J. (after stating the facts as above). The same question is involved in this case as was recently decided by this court in the case of *Choctaw, Oklahoma & Gulf Railroad Company v. Burgess, ante,* p. 110 95. Pac. 606. The facts in this case are identical with those in that case, wherein it was held that the plaintiff in error, as a matter of law, under the record in that case, consented for this court to take jurisdiction of said cause, and when jurisdiction had been acquired under such circumstances it became complete, and that the plaintiff in error was bound by the same, and could not thereafter be heard to reverse its election. Under the authority of that case, and the authorities therein cited, the motion to transfer is denied.

Dunn, Turner, and Hayes, JJ., concur: Kane, J., dissents.